# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 2898 | DATE | 2/25/2003 |
| CASE TITLE | MLR, LLC vs. U.S. Robotics, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Nokia's motion to stay and sever is granted in part and denied in part. Nokia's motion for a stay is denied, and it's motion to sever is granted. MLR's claims against Nokia will be consolidated for pretrial purposes with this case.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | FEB 26 2003 | 162 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TH | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MLR, LLC, )
 )
          Plaintiff, )
 )
v. ) No. 02 C 2898
 )
U.S. ROBOTICS CORPORATION, )
TOSHIBA CORPORATION, )
TELEFONAKTIEBOLAGET LM ERICSSON, )
and SAMSUNG ELECTRONICS CO., LTD., )
 )
          Defendants. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Judge

Defendant Nokia Corporation seeks to stay and sever this action. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

On April 24, 2002, MLR filed this case alleging patent infringement against five defendants. Nokia was not one of those defendants. MLR and Nokia, however, were involved in settlement negotiations at the time. During the course of these negotiations, Nokia requested additional information regarding the patents at issue, information "about the pending lawsuits and status" and a face to face meeting with MLR's attorneys "for a meaningful discussion." (*See* R. 153-1, Pl.'s Br. in Opp. to Nokia's Mot. to Sever and Stay, Ex. E.)

Those negotiations apparently reached an impasse because on October 25, 2002, Nokia filed a declaratory judgment action in the Northern District of Texas seeking non-infringement for 11 patents (the "Texas case"). Twelve days later, on November 6, 2002, MLR filed an

amended complaint in this case adding Nokia. The amended complaint alleges that Nokia infringed six of MLR's patents. These six patents are the precise patents that were already at issue in MLR's suit against the other defendants.

## I. Nokia's Motion to Stay the Action

Nokia now seeks to stay MLR's claims against Nokia based on the first to file rule. Nokia argues that because it filed the Texas case before it became a party to this action, this Court should defer to the Texas case's determination of which forum is proper.[1]

### A. The Exceptions to the First to File Rule

As the Federal Circuit has explained, when two similar actions are filed, there is a "general rule favoring the forum in which the first suit is filed." *Serco Services Co., L.P. v. Kelley Co., Inc.*, 51 F.3d 1037, 1039 (Fed. Cir. 1995) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993)). That rule, however, is not absolute. Indeed, "the trial court's discretion tempers the preference for the first-filed suit" where "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Genetech*, 998 F.2d at 937. *See also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (district courts have the inherent power to administer their dockets in a manner that conserves scarce judicial resources and promotes the efficient and comprehensive disposition of cases). Furthermore, where the first action was an anticipatory suit or where forum shopping motivated its filing, courts will permit the

---

[1] MLR has filed a motion to dismiss the Texas case on the basis that it lacked personal jurisdiction over MLR or, alternatively, in favor of this case. The Texas court has not ruled on that motion.

2

subsequently-filed action to proceed. *See Kleinerman v. Luxtron Corp.*, 107 F.Supp.2d 122, 124 (D. Mass. 2000).

This Court concludes that the present case should be considered an exception to the first to file rule for two reasons. ***First***, Nokia's first to file claim is relatively weak. Although MLR actually filed the present action first, Nokia was not named in that initial filing. Presumably, MLR did not name Nokia because the parties were engaged in settlement discussions at the time. It appears that Nokia filed the Texas case only when settlement negotiations broke down so that Nokia might litigate in its chosen forum. As the District of Massachusetts has noted, "it would be inappropriate to reward – and indeed abet – conduct which is inconsistent with the sound policy of promoting extrajudicial dispute resolution, and conservation of judicial resources." *Davox Corp. v. Digital Systems Inte'l, Inc.*, 846 F.Supp. 144, 148 (D. Mass. 1993).

***Second***, the interests of efficiency and economy counsel against invoking the first to file rule here. Nokia cites various cases where the courts have deferred to the first to file rule, but it glosses over the fact that this case involves multiple defendants facing common issues of fact and law. Unlike the cases cited by Nokia, this case and the Texas case do not involve identical parties. Although Nokia and MLR are the only parties in the Texas action, there are six additional defendants in this case. MLR raises the same patents and many of the same claims with these other defendants, and the defendants likely will raise similar defenses to MLR's claims of patent infringement. Because of these other defendants, this case will continue even if Nokia's case were stayed. Discovery in this case is already well underway pursuant to the Court's order. It would be terribly inefficient and a waste of judicial resources to stay Nokia's case now and force them to duplicate later much of the discovery already being conducted by the

3

other defendants in this case.

### B. Jurisdiction to Deny the Stay

Nokia argues that the Texas court should make the determination of which case should proceed. Given the posture of this case, however, this Court has the authority to deny the motion to stay. "Federal district courts have the inherent power to administer their docket so as to conserve scarce judicial resources." *Trippe Mfg. Co. v. American Power Conversion Corp.*, 46 F.3d 624, 628 (7th Cir. 1995).

## II. Nokia's Motion to Sever

Nokia also seeks to sever MLR's claims against it on the basis of misjoinder, jury confusion and prejudice. Nokia argues that it is misjoined pursuant to Federal Rule of Civil Procedure 20(a). Rule 20(a) provides that a plaintiff may join multiple defendants in a single action "if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." Thus, there is a two-part test to determine whether Nokia is properly joined under Rule 20(a): (1) the claims asserted against the defendants must arise out of the same transaction or occurrence, and (2) there must be a common question of law or fact. Although the second element is clearly satisfied, the first is not.

The defendants are companies with offices all over the world. MLR alleges that each company has infringed certain MLR patents used in connection with cellular telephone products by manufacturing, using and selling their respective products in the United States. MLR does not allege, however, that the defendants' products are related. Accordingly, MLR has not met the

4

common transaction or occurrence element under Rule 20(a). *See, e.g., Androphy v. Smith & Nephew, Inc.*, 31 F. Supp.2d 620, 623 (N.D. Ill. 1998) (severing claims against multiple defendants where defendants are "separate companies that independently design, manufacture and sell different products in competition with each other").

MLR argues that Rule 20(a) is satisfied because the *defenses* asserted by Defendants arise out of the same transaction or occurrence. Rule 20(a), however, requires that a *claim* asserted against the Defendants arise out of the same transaction or occurrence. Thus, the fact that the defendants' defenses may arise out of the same transaction or occurrence is not sufficient for joinder under Rule 20(a).

MLR also argues that Nokia is properly joined because the courts routinely consolidate cases for pretrial purposes in order to avoid duplication of effort and to promote efficiency. In *Magnavox Co. v. APF Electronics, Inc.*, for example, the court concluded that a defendant was misjoined but nonetheless refused to sever the defendant because it "would deter the efficient and orderly pursuit of this litigation." 496 F.Supp. 29, 34 (N.D. Ill. 1980). The *Magnavox* case, however, does not stand for the proposition that efficiency alone is adequate basis for joinder. At most, that case suggests that, even if not properly joined, cases involving different defendants may be ripe for consolidation. This Court could not find any authority that would permit it to keep a misjoined defendant in the suit simply to vindicate the interests of judicial economy and efficiency. Accordingly, the Court finds that Nokia is not properly joined here.

Nonetheless, the Court construes MLR's argument based on the *Magnavox* case as a request in the alternative for consolidation under Federal Rule of Civil Procedure 42(a). Given the overlapping common questions of law and fact, this Court agrees that MLR's case against

Nokia is ripe for consolidation with the case against the other defendants under Rule 42(a).[2]

## CONCLUSION

Nokia's motion to stay is denied. Nokia's motion to sever, however, is granted. MLR's claims against Nokia will be consolidated for pretrial purposes with this case.

DATED: February 25, 2003          ENTERED:

                                  _____
                                  AMY J. ST. EVE
                                  United States District Court Judge

---

[2] Nokia also argues that it should be severed because of the discovery schedule adopted by the Court on October 3, 2002. Nokia contends that discovery is well underway with respect to the defendants (which were sued by MLR in April of 2002) and that imposing the current schedule on Nokia (which was not sued until November of 2002) would be unduly prejudicial. While Nokia's argument may have some merit, the Court notes that it may be addressed in a motion to extend the current discovery schedule.